## DISCRETION IN ALLOWING AN APPLICATION FOR A REVIVOR.

Superior Court of Cincinnati.

Aurelius D. Tuttle v. John R. King.

Decided, October 5, 1911.

*Revivor—Delay of More Than One Year in Applying for—Circumstances Warranting a Court in Granting Application—Sections 11402, 11410 and 11411.*

In an action for damages on account of malpractice, which caused the plaintiff much suffering and loss, a court in the exercise of substantial justice will permit a revivor out of time against the executor of the defendant, where objection thereto is based entirely upon the negligence of the plaintiff in delaying his application and the disadvantage under which counsel for the executor labor in being deprived of the aid of the decedent in the preparation and trial of the case.

*Thos. L. Michie* and *C. C. Kearns,* for plaintiff.
*Herron, Gatch & James,* contra.

SPIEGEL, J.

Plaintiff filed a petition in tort, against the defendant, who died after service was obtained upon him. A motion to revive the cause was filed within the year after his death, but not prosecuted, whereupon, in the second year, plaintiff filed a supplemental petition asking that the executor of the estate of the deceased be made a party defendant and the action revived in his name. This supplemental petition was filed in accordance with Section 11402 of the General Code, as follows:

"A revivor may be effected by the allowance by the court, or a judge thereof in vacation, of a motion by the representative or successor in interest to become a party to the action, or by supplemental petition alleging the death of the party and naming his representative or successor in interest upon whom service may be made as in the commencement of an action; but the limitation contained in subsequent sections of this chapter do not apply to this section."

Section 11410 of the Code provides that an order to revive an action against the representative or successor of a defendant shall not be made without the consent of either, unless one year from the time it first could have been made. Section 11411 provides the same in reference to the representative or successor of a deceased plaintiff. Section 11402, therefore, stands alone, but must be construed together with the two sections quoted, in order to give effect to all of them.

In the case of *The Eagle Paper Co.* v. *Bragg,* 7 N. P. R., page 165, a case reserved from the superior court to the former general term of this court, Judge Hunt writing the opinion, it is held that Section 5149 of the old code (now Section 11402) in order to carry out the intent of the law as embodied in the different sections, is not mandatory, but discretionary with the court. The same was held by Judge Sater, of the U. S. District Court for the Southern District of Ohio, in *Spaeth* v. *Sells,* 8 O. L. R.,

439. The same rule is laid down by Judge Bates in his work on "Pleading and Practice" (Vol. 1, p. 633).

Adopting this rule, what, then, ought to be the sound discretion of the court in the case at bar? Judicial discretion is defined in 23 Cyc., page 1617, to be "such an exercise of authority in the mode of proceeding for the enforcement of rights or the redress of wrongs as is reasonably designed to promote substantial justice."

The petition alleges that the plaintiff fell from the roof of his residence to the ground, and that the deceased defendant, a physican and surgeon, was called in to afford him medical aid. He treated the plaintiff for a fracture of the right leg, requiring him to lie upon a bed for five weeks, attaching heavy weights to his leg, giving him great physical pain and mental anguish, and depriving him of the opportunity to earn his daily livelihood; then the plaintiff called in another physician, who diagnosed the injury to be a dislocation of the right hip joint from its socket, and replaced said joint in its socket.

The executor of the decedent claims that the cause ought not to be revived because there was negligence on the part of the plaintiff in not prosecuting his motion for a revivor during the year after the death of the defendant; and further, that, because of the death of the defendant, and his continued illness of one year preceding his death, his counsel could not consult with him, and can not, therefore, make use of his testimony.

Weighing both the allegation of the petition and the statement of the defense, endeavoring to promote substantial justice, the court must grant leave to file the supplemental petition against the executor of the defendant's estate, and an entry may be made accordingly.